### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RUBIN E. PERKINS,             : | |
|     Plaintiff | |
|                     : | |
|     v.                          | Civil Action No.  JFM-12-202 |
|                     : | |
| STATE OF MARYLAND, | |
| JUDGE GERALD F. DEVLIN,[1]    : | |
| DISTRICT COURT OF MARYLAND FOR | |
| PRINCE GEORGE'S COUNTY, and   : | |
| PRINCE GEORGE'S COUNTY MARYLAND. | |
|     Defendants             : | |

******

## MEMORANDUM

Rubin Perkins, a self-represented plaintiff, complains that on January 12, 2012, a plea of not guilty was improperly entered in four cases, HH92145, HH92146, HH92147and HH92148, [2] brought against him in the District Court for Prince George's County.  In this twenty-page complaint, Perkins alleges that Judge Gerald F. Devlin is a "corporate fiction operating in a limited liability insurance wagering scheme" who "failed to reveal the nature and cause" of the cases and unlawfully ruled in the proceedings. Complaint, ¶¶ 13-17, 19-20.  As relief, he asks for vacatur of the state court rulings as unconstitutional, injunctive and declaratory relief, and damages of unstated amount.

Mindful that plaintiff is self-represented, the court accords his complaint liberal construction.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).   A self-represented plaintiff must nevertheless allege facts that state a cause of action, and district courts are not required "to conjure up questions never squarely presented to them."

---

[1] Judge Gerard Devlin is a retired associate judge in the District Court of Maryland for Prince George's County. The record will be amended to reflect the correct spelling of  his first name.

[2] Although plaintiff fails to state the nature of these cases, the Maryland case search website shows that on January 13, 2012,  on citation no HH92145 (related to HH92146), Perkins pleaded not guilty and was found guilty of failure to attach vehicle registration plates to the front and rear, a traffic violation, in the District Court for Prince George's County, and fined $70.  *See* http://casesearch.courts.state.md.us/inquiry/inquiry.

*Beaudett, v. City of Hampton*, 775 F.2d 1274, 1278 F.2d at 1278. ("District judges are not mind readers"). The allegations in the complaint are fantastic and delusional. Contrary to Perkins' allegations, the Honorable Gerald F. Devlin, a member of the District Court for Prince George's County, is neither a corporate fiction nor does he operate a limited liability insurance wagering scheme.

"Federal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress." *Goldsmith v. Mayor & City Council of Baltimore*, 845 F.2d 61, 63 (4th Cir.1988) (internal quotation marks omitted). Consequently, a federal court must dismiss a case whenever it appears that it lacks subject matter jurisdiction. *See* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Neitzke v. Williams*, 490 U.S. 319, 327 n. 6 (1989); *see also* Fed.R.Civ.P. 12(h) (3). This court has an independent obligation to evaluate, sua sponte, its subject matter jurisdiction if it is in doubt. *See Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 278 (1977); *see also Apple v. Glenn*, 183 F.3d 477, 479-80 (6th Cir.1999) (ruling a complaint may be dismissed sua sponte for lack of subject matter jurisdiction pursuant to Fed Rule 12(b)(1) when the allegations are totally implausible, attenuated, unsubstantial, frivolous, or devoid of merit). In this case, the court lacks subject matter jurisdiction over plaintiff's claims because they are "so attenuated and unsubstantial as to be absolutely devoid of merit." *See Hagans v. Lavine,* 415 U.S. 528, 536-537 (1974).

Further, the complaint must also be dismissed in its entirety for failure to state a claim under Rule 12(b)(6). Under Rule 8, a complaint must allege facts with sufficient specificity to inform defendants what they are accused of so that they can answer or respond to the allegations. *See* Fed.R.Civ.P. 8; *see also, e.g., Chao v. Rivendell Woods, Inc.,* 415 F.3d 342, 347-48 (4th Cir. 2005)

(a complaint must "sufficiently allege[ ] each element of the cause of action so as to inform the opposing party of the claim and its general basis"). Nothing in the complaint provides defendants with adequate notice of the allegations against them or states a federally cognizable claim.  For these reasons, the complaint will be dismissed by separate order to follow.

| | |
|---|---|
| _February 29, 2012_ | <u>          /s/                              </u> |
| Date | J. Frederick Motz |
| | United States District Judge |